**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BULMARIO TORRES, | ) NO. CV 10-2910-R(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| KEN CLARK, Warden, | ) |
| Respondent. | ) |

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on April 20, 2010. The Petition seeks an order requiring the state courts to allow Petitioner to purchase transcripts of his state criminal proceedings.

Habeas corpus is a procedure through which a state prisoner may challenge the fact or duration of confinement and seek a speedier release therefrom. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The Petition does not seek habeas relief.

///
///

To the extent the Petition purports to seek relief arguably available in a civil rights action, the Court declines to exercise its discretion to construe the Petition as a civil rights complaint.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam) (federal court has discretion to construe a mislabeled habeas petition as a civil rights complaint).  In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (eff. April 24, 1996), and the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (eff. April 26, 1996) ("PLRA").  These two statutes set forth very different procedural requirements for habeas corpus petitions and prisoner civil rights actions.  See generally Naddi v. Hill, 106 F.3d 275, 276-77 (9th Cir. 1997) (contrasting the two statutes; holding that in forma pauperis provisions of the PLRA relating to prisoner civil actions and appeals do not apply to habeas corpus proceedings).  Habeas corpus and civil rights actions are subject to significantly different filing fees. See 28 U.S.C. § 1914(a) ($5 for habeas petition, $350 for civil rights complaint).  Habeas corpus and civil rights actions are governed by different statutes of limitations.  See 28 U.S.C. § 2244(d); Wilson v. Garcia, 471 U.S. 261, 275 (1985).  The PLRA imposes limits on the number of actions a prisoner should be permitted to file in forma pauperis.  See 28 U.S.C. § 1915(g).  Furthermore, Respondent, a prison warden, is not the proper party defendant from whom to seek the relief sought in the Petition.  For these reasons, it is not appropriate to convert this habeas action to a civil rights action.  See Grinker v. Curry, 2010 WL 890381, at *1-2 (N.D. Cal. Mar. 8, 2010) (declining to convert mislabeled habeas petition to civil rights action); Alford v. Doe, 2009 WL 3712823, at *1 (C.D. Cal. Oct. 30, 2009) (same).

1    To the extent that the Petition seeks mandamus relief in the form
2 of a federal court order requiring state courts or state officials to
3 allow Petitioner to purchase transcripts as allegedly required by
4 state law, this Court lacks authority to grant any such relief. See
5 Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984)
6 (under the Eleventh Amendment, a federal district court lacks
7 jurisdiction to order state officials to conform their conduct to
8 state law); Demos v. United States Dist. Court for the Eastern Dist.
9 of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991), cert. denied,
10 498 U.S. 1123 (1991) (petition for mandamus to compel state court to
11 take or refrain from taking some action "frivolous as a matter of
12 law"); Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966)
13 ("[t]he federal courts are without power to issue writs of mandamus to
14 direct state courts or their judicial officers in the performance of
15 their duties") (citation omitted); see also In re Campbell, 264 F.3d
16 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus
17 that would order state trial court to give plaintiff access to certain
18 trial transcripts which he sought in preparation for filing state
19 post-conviction petition); Taylor v. Calif. Dep't of Justice, 2009 WL
20 1814421 (N.D. Cal. June 23, 2009) (court had no authority to order
21 California Department of Justice and local police department to
22 provide petitioner with all evidence obtained in investigation of
23 case).
24 ///
25 ///
26 ///
27 ///
28 ///

1  For the foregoing reasons, the Petition is denied and dismissed
2  without prejudice.
3
4       DATED: April 26, 2010.
5
6
7                                   _____
                                         MANUEL L. REAL
8                                   UNITED STATES DISTRICT JUDGE
9
10
11
12 PRESENTED this 22nd day of
13 April, 2010, by:
14
15 _____/S/_____
         CHARLES F. EICK
16 UNITED STATES MAGISTRATE JUDGE

4